IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GABRIEL RIVERA-RODRIGUEZ,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**Civil No. 11-02262 (ADC)**
**[Related to Crim. No. 07-00121 (ADC)]**

## OPINION AND ORDER

Before the Court is petitioner Gabriel Rivera-Rodríguez's ("petitioner" or "Rivera-Rodríguez") motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (**ECF No. 1**), and U.S. Magistrate Judge Camille L. Vélez-Rivé's Report and Recommendation ("R&R") that the § 2255 motion be denied on its merits. **ECF No. 14.**

Petitioner claims ineffective assistance of trial and appellate counsel. He alleges that appellate counsel failed to: (1) argue that his sentence exceeded the statutory maximum prescribed for the least-serious, single drug for which he was convicted of conspiring to possess with intent to distribute ("Claim 1"), and (2) argue that the District Court erred in not applying the "clear and convincing evidence" standard in considering a cross-referenced murder ("Claim 2"); and that trial counsel failed to: (3) object to a weapons and supervisory role enhancement at sentencing ("Claim 3"), (4) inform him of a 235 month (19-year) plea offer ("Claim 4"), and (5) miscalculated the maximum sentence petitioner could receive if he rejected another 15-year plea offer ("Claim 5"). *Id*.

The government opposed petitioner's § 2255 motion (**ECF No. 8**), and petitioner filed a reply to the government's response (**ECF No. 13**). The Court referred the § 2255 motion to Magistrate Judge Vélez-Rivé for a R&R. **ECF No. 11.** On November 29, 2012, Magistrate Judge Vélez-Rivé issued the R&R, recommending dismissal of the § 2255 motion on its merits. **ECF No. 14.**

On December 20, 2012,[1] petitioner objected to Magistrate Judge Vélez-Rivé's legal findings, conclusions, and actual recommendation as to Claims 3, 4, and 5, and re-iterated his initial arguments as to Claims 1 and 2. **ECF No. 15**. Later, on July 25, 2013, petitioner submitted a supplemental objection to the R&R. **ECF No. 21**.

I.  **Review of a Magistrate Judge's Report and Recommendation**

A district court may refer pending motions to a Magistrate Judge for a R&R. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); D.P.R. Civ. R. 72(a). Any party adversely affected by the recommendation issued may file written objections within fourteen (14) days of being served with the R&R. Fed. R. Civ. P. 72(d). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). "The district court need not consider frivolous, conclusive, or general objections." *Rivera-García v.*

---

[1] Petitioner's objections, due December 17, 2012, were mailed three days late. *See* **ECF Nos. 14, 15-2.** Still, petitioner's arguments are being considered as if timely.

Civil No. 11-2262 (ADC)                                                                 Page 3

*United States*, No. 06-1004, 2008 WL 3287236, at *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987)).  Moreover, to the extent the objections amount to no more than general or conclusory objections to the R&R, without specifying to which issues in the report the party is objecting, or where the objections are repetitive of the arguments already made to the magistrate judge, a *de novo* review is unwarranted.  *Id.*  In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636 (a)(b)(1); *see also Templeman v. Cris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo-Rodríguez v. Pfizer Pharma., Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003).

   Finally, "[a] district court is under no obligation to discover or articulate new legal theories for a party challenging a report and recommendation issued by a magistrate judge." *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 (1st Cir. 1998) (additional citation omitted). "Instead, the report and recommendation is reviewed by the district judge for clear error." *Rivera-Garcia,* 2008 WL 3287236, at * 1 (citing *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan,* 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R&R.")).

Civil No. 11-2262 (ADC)                                                                                           Page 4

**II.   Discussion**[2]

Reviewing the Magistrate Judge's R&R, the Court arrives at the same conclusions as to all claims, but supplements portions of the findings.

**A.   Ineffective Assistance of Appellate Counsel Claims**

**1.   Claim 1**

Petitioner first claims that appeal counsel failed to argue that his sentence exceeded the statutory maximum prescribed for less than 100 grams of heroin, the least-serious, single drug in conspiracy for which he was convicted. **ECF No. 1-1** at 3-6. Magistrate Judge Vélez-Rivé found that Claim 1 lacked merit because this Court was not required to sentence petitioner below the statutory maximum for the least-serious drug, since the jury returned a specific verdict – rather than a general verdict – as to which drugs and what amount of drugs were part of the conspiracy. **ECF No. 14** at 9-10. The Magistrate Judge reasoned that if appellate counsel had raised Claim 1 on appeal, it would have been unsuccessful, and appellate counsel is not required to raise every non-frivolous claim, and, much less, a frivolous claim, on appeal. *Id*. at 10.

The Magistrate Judge found that, if the jury had returned a general verdict without specifying which drugs they had found were part of the conspiracy, the trial court would have

---

[2] Petitioner did not object to the Magistrate Judge's summation of the procedural background of his criminal case and subsequent appeal. *See* **ECF No. 14** at 1-3. Therefore, the Court **ADOPTS** the same in full, and **INCORPORATES IT BY REFERENCE** herein.

Civil No. 11-2262 (ADC)                                                                                                           Page 5

been required to sentence petitioner below the statutory maximum for the least punishable drug in the conspiracy. *Id.* at 9 (citing *United States v. Rhynes*, 196 F.3d 207 (4th Cir. 1999)). In Rivera-Rodríguez's case, however, the jury returned a specific verdict, finding him guilty of conspiring to possess with intent to distribute 50 grams or more of cocaine base (crack), less than 100 grams of heroin, 5 kilograms or more of cocaine, and 100 kilograms or more of marijuana. *See* **Crim. No. 07-121(ADC), ECF No. 1124**. The Court adds that the proper way to determine a base offense level for a conviction involving several controlled substances, as in Rivera-Rodríguez's case, is to use the Drug Equivalency Tables of the Sentencing Guidelines. *See* United States Sentencing Commission, *Guidelines Manual,* § 2D1.1 (Nov. 2007), comment. (n.10). This is precisely what the Court described at sentencing: "When you have different types of drugs you just take those drugs and convert everything to marijuana, and you make an analysis of what is the base offense level . . . " *See* **Crim. No. 07-121 (ADC), ECF No. 1935** at 11. This analysis, however, was unnecessary in Rivera-Rodríguez's case since the Court applied the cross-reference, drug-related murder in establishing a base offense level of 43.[3]

    Finding Claim 1 unmeritorious, the Court **ADOPTS** the Magistrate Judge's recommendation as supplemented herein, and **DENIES** that claim.

---

[3] It should be noted that the Court balanced other factors to sentence Rivera-Rodríguez to 43 years of imprisonment, rather than the statutory maximum penalty of life imprisonment. *See* **Crim. No. 07-121(ADC), ECF No. 1936** at 19-22.

Civil No. 11-2262 (ADC)                                                                                                Page 6

### 2. Claim 2

Petitioner argues that appellate counsel provided ineffective assistance of counsel by not arguing on appeal that the District Court erred when it failed to apply the "clear and convincing evidence" standard to a cross-referenced murder. **ECF No. 1-1** at 7-11. The Magistrate Judge first found that a court may establish by a preponderance of the evidence that there had been a killing that would constitute murder under 18 U.S.C. § 111. *See* **ECF No. 14** at 11 (citing, *inter alia*, *United States v. Reyes-Echevarria*, 345 F.3d 1, 7 (1st Cir. 2003)). Next, the Magistrate Judge determined that there was evidence presented at trial that implicated Rivera-Rodríguez in the murder. *Id.* at 11-12.

The Court adds that at petitioner's sentencing, the Court cited to substantial evidence that provided a more than adequate basis for attributing a murder to petitioner:

> According to the testimony of Carlos Brito-Pacheco, . . . Defendant Axel Muñiz, . . . along with the Defendant Gabriel Rivera-Rodríguez, . . . Mr. Carlos Rivera-Moreno, . . . and Wilbert Arroyo-Rosario, . . . killed Ricardo Haddock-Collazo, . . . out in the woods of Guayama.
>
> This information was provided by Defendant Axel Muñiz to Defendant Brito-Pacheco. And, as I mentioned, this was while acting in furtherance of the conspiracy and while seeking Mr. Brito's help in disposing or hiding of the body to either avoid or delay police detection.
>
> According to the testimony, [Mr. Haddock] was hit with a stick . . . or a heavy object over the head because he was cooperating with local authorities providing information regarding the drug

> distribution activities occurring at the Borinquen Ward, Guayama. This clearly establishes the motives for such murder.
>
> This witness also stated that the victim had been tied and beaten up. And, as previously mentioned, all circumstances or ways in which the body was found, the body was dressed, were clearly depicted by this witness as testifying of his personal observations when he got to the place, and what had been done and where the body had been moved to.

**Crim. No. 07-121 (ADC), ECF No 1936** at 14-15. The Sentencing Court also found that Brito-Pacheco's testimony was corroborated by the testimony of a Puerto Rican police officer from the homicide division and a forensic pathologist. *Id*. at 15.

Furthermore, as the Magistrate Judge points out, petitioner has failed to make a requisite showing of prejudice. **ECF No. 14** at 12. "Even if such cross reference murder guideline was not applied, the amount of drugs attributed to Rivera-Rodríguez . . . would have still allowed for the sentence imposed . . . , making such a sentencing mistake, if any, and failure to raise said grounds in the direct appeal to be harmless." *Id*. Indeed, the Sentencing Court made clear, "a life sentence is also warranted based on other applicable guideline adjustments." *Id*. The Court found that a base offense level of 38 could have been established for 4.5 kilograms of crack cocaine.[4] *Id*. Two points could have been added because

---

[4] The Sentencing Court found petitioner responsible for a total of more than 4.5 kilograms of crack cocaine, based on testimony of the government's two cooperating witnesses. **Crim. No. 07-121 (ADC), ECF No. 1935** at 32. On appeal, Rivera-Rodríguez argued that his sentence was based on an unreliable calculation of the quantity of drugs attributable to him. *United States v. Rivera-Rodríguez*, 617 F.3d 581, 606-07 (1st Cir. 2010). The First Circuit Court of Appeals held that the district court did not clearly err in relying on a forensic chemist's estimate of the average weight of a capsule of crack cocaine to formulate its calculations for sentencing. *Id*. at 606.

the distribution occurred in a protected location, and since petitioner possessed weapons, such as a 9-mm pistol and rifle, another two point enhancement would have been warranted. *Id*. at 15-16. Finally, since petitioner was a supervisor of one of the drug points and owner of the crack cocaine being distributed at Borinquen Ward, at least another two points could have been added. *Id*. at 16. "So, technically here, with this type of Offense Level, that would bring it to an adjusted Offense Level of forty-four, which, in essence, is adjusted once back again to a forty-three that provides for a life sentence. So, from either perspective, this is what this Defendant will be facing." *Id*. at 17.

Finding Claim 2 lacking in merit, the court **ADOPTS** the Magistrate Judge's recommendation as supplemented herein, and **DENIES** that claim.

### B. Ineffective Assistance of Trial Counsel Claims

#### 1. Claim 3

Petitioner argues that trial counsel provided ineffective assistance when he failed to object to the weapon and supervisory role enhancement at sentencing. **ECF No. 1-1** at 12-15. The Magistrate Judge found that neither a weapons or a supervisor role enhancement were considered by the Court at the time of sentencing, and thus, the record defies petitioner's averments as to Claim 3. **ECF No. 14** at 4. Petitioner, himself, concedes that "the record will reveal that no such enhancements were actually considered in the final calculus at the time of sentencing." **ECF No. 15** at 4. Thus, the Court **ADOPTS** the Magistrate Judge's recommendation as to Claim 3, and **DENIES** that claim.

Civil No. 11-2262 (ADC) Page 9

### 2. Claim 4

Petitioner claims that trial counsel was ineffective for failing to inform him of a 19-year plea offer made by the government. **ECF No. 2-1** at 3-8. In support of his claim, petitioner alleges in an affidavit that trial counsel "never relayed [the 19-year] plea offer to me nor did he offer me any legal advice as to whether or not to accept the plea offer." **ECF No. 2-5** at 2. He claims that he was unaware of this offer until appellate counsel sent Rivera-Rodríguez a copy of the case file that contained the 19-year plea offer letter dated October 22, 2007, indicating that the offer would remain in effect until October 31, 2007. **ECF Nos. 2-1** at 5**, 2-3**.[5]

Accepting petitioner's allegations as true, allowing the 19-year plea offer to expire without advising petitioner or allowing him to consider it constituted ineffective assistance. *See Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012)("[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."). However, petitioner must still establish prejudice, or "a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel." *Id.* at 1409. The Magistrate Judge found petitioner's "mere averment" that "[h]ad [trial counsel] relayed this plea offer to me and

---

[5] Petitioner also submits a Motion for Extension of Time filed by trial counsel on December 14, 2007, stating that Rivera-Rodríguez had been unable to reasonably consider a plea offer extended on November 9, 2007. **ECF No. 2-4.** A further review of the record reveals, however, that the November 9, 2007 plea offer referenced in the motion, was as to another co-defendant, José J. Colón-Bou. *See* **Crim. No. 07-121 (ADC), ECF Nos. 666, 679.** Thus, this evidence is irrelevant to petitioner's October 22, 2007, 19-year plea offer.

Civil No. 11-2262 (ADC) Page 10

explained all of the facts to me I would have accepted this plea offer," **ECF No. 2-5** at 3, "is speculative, at most." **ECF No. 14** at 5. Indeed, the record reflects that petitioner rejected a later, 15-year plea offer and agreement, and decided to proceed to trial (*see* Claim 5, *infra*). It is not reasonably probable that Rivera-Rodríguez would have accepted an earlier plea offer for a less-favorable term of 19-years.

Since petitioner has failed to satisfy the prejudice requirement of *Strickland*, the Court **ADOPTS** the Magistrate Judge's recommendation as supplemented herein, and **DENIES** Claim 4.

### 3.     Claim 5

Petitioner alleges that he was denied his Sixth Amendment right to effective assistance of counsel by trial counsel's erroneous advice with regard to a 15-year plea offer. **ECF No. 2-1** at 8-12. Petitioner states in his affidavit that "[a]t the start of trial there was a plea offer for 15 years." **ECF No. 8** at 11. Petitioner alleges that he rejected this offer and chose instead to go to trial because trial counsel had told him that, "at the most if I lost trial I would be a level 38 and a Criminal History I and that based on my criminal history and the fact Judge Delgado-Colón was very fair I could expect a sentence of 19 years 7 months if I was found guilty. The low end of the guidelines." **ECF No. 2-5** at 3. According to petitioner, trial counsel "told me . . . that I did not have to worry about anything related to the alleged murder of Mr. Haddock as the evidence would show this." *Id*. He claims that if he had known he was facing a life

sentence or even a 43-year sentence, "and not the guideline sentence [trial counsel] told me to expect if I was found guilty, I would not have hesitated, and I would have accepted the plea offer of 15 years." *Id*.

For purposes of the instant analysis, even accepting as true petitioner's allegation that trial counsel misadvised him as to the applicable sentence, the Magistrate Judge found that an inaccurate prediction concerning a sentence is not enough, standing alone, to demonstrate ineffective assistance of counsel. **ECF No. 14** at 5; *see Moreno-Espada v. United States*, 666 F.3d 60, 65 (1st Cir. 2012) (determining that attorney's failure to account for defendant's potential sentence exposure – whether objectively reasonable or not – does not satisfy *Strickland*'s prejudice requirement); *United States v. LaBonte*, 70 F.3d 1396, 1413 (1st Cir. 1995), *rev. on other grounds*, 520 U.S. 751, 117 S.Ct. 1673 (1997) ("An attorney's inaccurate prediction of his client's probable sentence, standing alone, will not satisfy the prejudice prong of the ineffective assistance test.").

Furthermore, the record defies petitioner's assertions regarding his knowledge of his sentence exposure. Petitioner was made aware of his potential exposure of life imprisonment before the start of trial. *See* **Crim. No. 07-121 (ADC), ECF No. 2381** at 6. Petitioner was present at a hearing prior to the commencement of trial wherein the Court discussed and gave notice to all defendants facing trial, defendant among them, of the government's intent to file notices for enhanced penalties, under § 851, against six of the ten defendants who were

proceeding to trial. *Id.* at 3-4. Speaking directly to Rivera-Rodríguez, the Court informed him that, "the mandatory will be increased once the notice is filed from a minimum of 10 years to a minimum of 20 years with also an exposure of life imprisonment." *Id.* at 6. Rivera-Rodríguez's counsel even asked the Court to clarify for defendant the definition and scope of life in prison. *Id.* at 8. The Court explained, "Life imprisonment in the Federal prison is natural life. Which means you will not go out for the rest of your life." *Id.*

The Court made clear that defendants may decide to "exercise[] [their] right to go to trial knowing what are the pros and cons of exercising [their] right to trial or . . . consider[] the possibility of entering into a plea agreement with the government in exchange of a plea of guilty." *Id*. at 7. The Court explained:

> Of course you have the Constitutional right to go to trial, and to be presumed innocent and it is the government that has the burden of presenting evidence against you. But, the attorneys have investigated this case and conducted discovery, and they have had the time to discuss options with you and when I say options I mean plea offers made by the government. I also understand that probably those offers are not as good as you may wish, but these type of cases are complex, these type of cases carry very harsh penalties that the attorneys cannot change and that the Court cannot change because that is what the law says.

*Id*. at 6. The Court then gave defendants and their attorneys ten minutes to discuss these matters before the start of jury selection. *Id*. at 7. Petitioner fails to allege that his counsel repeated any alleged misadvise *after* the Court's warning that he faced exposure to life

imprisonment if convicted. As such, petitioner has failed to establish prejudice given that he was made fully aware of his sentence exposure.

Without a showing of prejudice, Claim 5 fails; thus, the court **ADOPTS** the Magistrate Judge's recommendation as supplemented herein, and **DENIES** that claim.

### C.    Supplemental § 2255 Motion[6]

Petitioner filed a supplemental § 2255 motion on July 31, 2013, in which he claims that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), should retroactively apply to his case. In *Alleyne*, the Supreme Court held that "[f]acts that increase the mandatory minimum sentence are . . . elements and must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2158. As an initial matter, *Alleyne* was decided on June 17, 2013. Petitioner, meanwhile, was sentenced on February 27, 2008. Thus, contrary to petitioner's contention, it was not possible for this Court to have violated *Alleyne* in sentencing him as that decision had not been handed down when he was sentenced. Moreover, for purposes of the instant proceeding, the Supreme Court has not held *Alleyne* to be retroactively applicable on collateral review. *Jeanty v. Warden, FCI-Miami*, ___ F.3d ___, 2014 WL 3411144, at *2 (11th Cir. July 15, 2014); *In re Mazzio*, ___ F.3d ___, 2014 WL 2853722, at *2-3 (6th Cir. June 24, 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *In re Payne*, 733 F.3d 1027, 1029-30

---

[6] Even though the supplemental motion was filed after the one-year statute of limitations had expired, and is also arguably successive, the Court will address whether *Alleyne* applies here.

Civil No. 11-2262 (ADC)     Page 14

(10th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *United States v. Redd*, 735 F.3d 88, 91-92 (2d Cir. 2013). Thus, that decision is not applicable here. *See Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 2482 (2001) (holding that a "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."). As such, *Alleyne* offers petitioner no retroactive relief under § 2255. In addition, the record clearly shows that defendant was advised of the mandatory minimum sentence as charged and under the § 851 enhanced penalties.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000).

Here, because petitioner has failed to demonstrate a denial of his Sixth Amendment right to effective assistance of counsel, the Court finds that petitioner is not entitled to a COA. Therefore, a COA is **DENIED**.

Civil No. 11-2262 (ADC)                                                                                        Page 15

### IV. Conclusion

For the reasons discussed herein, the § 2255 motion and supplemental motion (**ECF Nos. 1, 21**) are **DISMISSED WITH PREJUDICE**.  Petitioner is **DENIED** a COA.  The Clerk is instructed to enter judgment accordingly.

**SO ORDERED.**

At San Juan, Puerto Rico, this 10th day of March, 2015.

                                                                          **S/AIDA M. DELGADO-COLÓN**
                                                                          **Chief United States District Judge**